## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN NEWHARD, | : |
| Plaintiff, | : |
| v. | : NO. |
| HARALAMBO STASINOS, and CRANBURY SERVICE CENTER, INC., | : CIVIL ACTION – LAW |
| Defendants. | : ELECTRONICALLY FILED |

### NOTICE OF REMOVAL

Defendants Haralambo Stasinos and Stasinos Sunoco, Inc., t/a Cranbury Service Center ("Stasinos Sunoco"), misidentified in the caption as "Cranbury Service Center, Inc.," hereby file this Notice of Removal of the foregoing civil action in accordance with the provisions of Sections 1332, 1441, and 1446 of Title 28 of the United States Code to the United States District Court for the Middle District of Pennsylvania, and in support thereof state as follows:

1. On November 2, 2023, Plaintiff Dean Newhard ("Plaintiff") filed a Complaint in the Court of Common Pleas of Lackawanna County captioned *Dean Newhard v. Haralambo Stasinos, et al.*, No. 2023-4719 (C.P. Lackawanna County).

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders provided to counsel for Defendants Haralambo Stasinos and Cranbury

Service Center, Inc. ("Defendants") are attached hereto as Exhibit "A." Specifically, Exhibit "A" is comprised of the Complaint and its exhibits.

3. This Court has original subject-matter jurisdiction in this action under the provisions of 28 U.S.C. § 1332 as both the diversity of citizenship and the amount in controversy requirements are satisfied.

4. According to Plaintiff's Complaint, Plaintiff Dean Newhard resides at 3375 Church Road, Orefield, Pennsylvania 18069. (*See* Compl. ¶ 1.)[1] Plaintiff's Complaint does not allege that Mr. Newhard has more than one residence. Therefore, Plaintiff Dean Newhard is domiciled in and is a citizen of Pennsylvania.

5. Defendant Haralambo Stasinos resides at 46 Edgemere Avenue, Plainsboro, New Jersey 08536. Plaintiff's Complaint does not allege that Mr. Stasinos has more than one residence. Therefore, Defendant Mr. Stasinos is domiciled in and is a citizen of New Jersey.

6. Defendant Cranbury Service Center, Inc. is misidentified. Rather, Stasinos Sunoco, Inc. is a New Jersey corporation with its principal place of business at 44 Hightstown Cranbury Station Road, Cranbury, New Jersey 08512 and trades as Cranbury Service Center. (Compl. ¶ 3.) Therefore, Stasinos Sunoco is a citizen of New Jersey.

---

[1] Plaintiff's Complaint alleges the residence of the Plaintiff and Defendant Haralambo Stasinos as opposed to the respective domicile of each. (*See* Compl. ¶¶ 1-2.)

7. Defendants consent in writing to the removal of this action. (A copy of the Consent is attached hereto as Exhibit "B.")

8. Plaintiff's Complaint alleges causes of action for negligence and vicarious liability for monetary damages premised upon Defendants' purported negligence arising out of a traffic accident that occurred on December 30, 2021. (*See, e.g.,* Compl. ¶¶ 5-28.)

9. Plaintiff's Complaint does not allege a specific amount in controversy. (*Id.*) Instead, Plaintiff demands a "judgment in Plaintiff's favor and against Defendants, in an amount in excess of the jurisdictional threshold . . ." premised upon his purported personal injury damages, including, *inter alia*, serious and permanent injuries, torn ligaments in high right foot, compression factures in C5-6-7, and severe physical pain, mental anguish, embarrassment and humiliation. (*Id.* at ¶¶ 13-15; *see also* WHEREFORE clauses of Compl.)

10. Plaintiff's Complaint also alleges that he was "required to undergo significant medical treatment" and has expended "various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prostheses, other medical equipment, and replacement services" as well as "work loss and loss of earning capacity . . . ." (*Id.* at ¶¶ 16-17.)

11. Without waiver of the right to challenge Plaintiff's purported monetary damages at the time of trial, upon information and belief, based upon the rights to be litigated, Plaintiff's Complaint alleges monetary damages in excess of $75,000.00 which satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). *See, e.g., Garavente v. Sam's Club #6581*, CIVIL ACTION NO. 3:21-1722, 2022 WL 949987, *3-4 (M.D. Pa. March 29, 2022) (Mannion, J.) (when a complaint alleges damages related to personal injury, including, medical expenses, serious impairment of bodily functions, emotional distress, embarrassment, humiliation and other financial losses, the averments satisfy the amount in controversy requirement); *see also Rice v. Allstate Fire & Casualty Ins. Co.*, No. 3:08-cv-1706, 2009 WL 302175, *5 (M.D. Pa. Feb. 5, 2009) (Caputo, J.) ("[w]hen a complaint does not limit its request to a precise monetary amount . . . [the court] may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied.") (Quotations and citation omitted).[2]

---

[2] If Plaintiff seeks to challenge the amount in controversy requirement, this Court will apply the legal certainty test originally announced in *Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004) to determine whether Plaintiff's monetary claims are less than the jurisdictional requirement. Accordingly, Plaintiff would have the burden to prove to a legal certainty that the amount in controversy could not exceed $75,000.00. *See also Rice*, 2009 WL 302175 at *4-5 (concurring with defendant that, based on the face of the removal record, it cannot be stated to a legal certainty that plaintiff cannot recover more than the jurisdictional amount of $75,000). Pursuant to Local Rule 7.8(a), the unpublished decisions cited herein is reproduced in the attached Appendix.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims for negligence and vicarious liability pursuant to 28 U.S.C. § 1367.

13. The Court of Common Pleas of Lackawanna County is located within the Middle District of Pennsylvania. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

14. This Notice of Removal is filed timely, in that the Complaint was filed on November 2, 2023. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the filing of the Complaint.

15. Promptly upon filing of this Notice of Removal, Defendants will file a copy of this Notice of Removal with the Prothonotary and Clerk of the Court of the Court of Common Pleas of Lackawanna County and will provide written notice thereof to the Plaintiffs, in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Nicholas F. Kravitz
Frank J. Brier, Esquire
Nicholas F. Kravitz, Esquire
Brian J. Levy, Esquire

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
570-342-6100

Attorneys for Defendants Haralambo Stasinos and Stasinos Sunoco, Inc., t/a Cranbury Service Center, misidentified in the caption as "Cranbury Service Center, Inc.,"

Date: December 4, 2023

## CERTIFICATE OF SERVICE

I, Nicholas F. Kravitz, hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record via the Court's ECF system on this 4th day of December 2023:

> Barry J. Scatton, Esquire
> Morgan & Morgan
> 2005 Market Street, Suite 350
> Philadelphia, PA 19103

> /s/ Nicholas F. Kravitz
> Nicholas F. Kravitz